# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CSX TRANSPORTATION, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:12-CV-1984 JAR |
| AUBURN THIRTY SIX, LLC, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

On June 3, 2014, the Court granted summary judgment in favor of Plaintiff CSX Transportation, Inc. on its claims for breach of contract and allowed the parties an opportunity to submit supplemental briefing on the issues of attorney's fees and costs. (Doc. No. 41) CSX filed a Supplemental Brief Regarding Attorneys' Fees, Costs and Interest on June 10, 2014 (Doc. No. 43); Defendants Auburn Thirty Six LLC and Michael Goldstein did not file a supplemental brief.

**Attorney's fees and costs**

In support of its claim for contractual attorney's fees, CSX relies on the payment and collection terms of the Scrap Metal Credit Application and Purchase Agreement ("the Agreement") which provide in part as follows:

> CUSTOMER agrees to pay all costs of collection and out of pocket expenses, including an attorney's fee of not less than 15% of CUSTOMER's account balance, or a reasonable attorney's fee, whichever is greater, if CUSTOMER's account is placed with an attorney whether suit be brought or not.

CSX asserts entitlement to attorney's fees of $123,063.54, which represents 15% of the balance due and owing, $820,423.64. (Doc. No. 43, p. 1) Alternatively, CSX submits the declaration of attorney Paul D. Keenan (Doc. No. 43-1, ¶¶ 2-3) to support its claim for attorney's fees incurred

1

and actually paid in the amount of $76,096.00. (Id., p. 2) In addition, CSX claims costs of collection and out of pocket expenses of $3,935.97, which includes filing fees, travel expenses, mailing fees, witness fees, copying costs and costs for depositions and transcripts. (Id., p. 3; Doc. No. 43-1, ¶ 4)

Generally, each party in a lawsuit bears its own attorneys' fees. Price v. Tyler, 890 So. 2d 246, 250 (Fla. 2004) (citations omitted). Under Florida law, which governs the Agreement (see Doc. No. 33-7, p. 2), contractual provisions awarding attorneys' fees and costs to prevailing parties are not only enforceable, but strictly enforced; courts do not have the discretion to decline to enforce prevailing party attorneys' fee provisions, even in those instances where the challenging party brings a meritorious claim in good faith. Tartaglia v. Big Apple Consulting USA, Inc., 2011 WL 6937465, at *1 (M.D.Fla. Nov. 22, 2011) (citing Lashkajani v. Lashkajani, 911 So.2d 1154, 1158–1159 (Fla.2005)). See also, Herbst v. North Ocean Condos, L.P., 2009 WL 2257827, at *2-3 (S.D.Fla. July 29, 2009); Kamel v. Kenco/the Oaks at Boca Raton, LP, 2008 WL 3471594, at *2 (S.D.Fla. Aug. 11, 2008); Dolphin, LLC v. WCI Communities, Inc., 2008 WL 2477665, at *3 (S.D.Fla. Jun. 18, 2008).

Florida courts apply the Supreme Court's definition of "prevailing party": a party is a "prevailing party" if that party succeeds on "any significant issue" in the litigation which "achieves some of the benefit the parties sought." Kamel, 2008 WL 3471594, at *2 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). See also Moritz v. Hoyt Enterprises, Inc., 604 So.2d 807, 809-10 (Fla.1992). Here, the Court granted CSX's motion for summary judgment on its claims for breach of contract and entered judgment in favor of CSX and against Defendants. Thus, CSX qualifies as a prevailing party under Florida law. See Dolphin, 2008 WL 2477665, at *4 (defendant who prevailed on summary judgment entitled to "prevailing party" status for

attorneys' fees purposes); Zambrano v. Indian Creek Holdings, LLC, 2009 WL 546634 (S.D.Fla. Nov. 30, 2009) (same).

The reasonableness of an attorney's fee is "an issue of fact to be determined by the trial court." Conner v. Conner, 439 So.2d 887 (Fla. 1983). Upon consideration, the Court finds CSX's claim for an attorney's fee based solely on a percentage of the principal balance due bears no relation to the attorney work involved herein. According to the documentation provided to the Court, CSX has incurred and paid $76,096.00 in attorney's fees in pursuit of this action. (Keenan Decl., Doc. No. 43-1) Upon review, the Court finds the number of hours expended by counsel and the hourly rate ($240-245) reasonable and necessary in the investigation and prosecution of CSX's claims against Defendants and defense of related counterclaims. Thus, the Court will award Plaintiff $76,096.00 in attorney's fees and costs of $3,935.97.

**Pre-judgment interest**

CSX also seeks an award of pre-judgment interest at a rate of 4.75% annum[1] in the amount of $73,534.94 pursuant to the terms of the Agreement and Florida law. (Doc. No. 43, p. 4; Doc. No. 43-2) The Agreement provides for the recovery of interest on "all sums not paid" "at the highest rate allowable by law." (Doc. No. 33-7, p. 2) CSX states that pursuant to the Agreement, Auburn became indebted to CSX after failing to pay the invoices at issue within thirty days. (Doc. No. 33-6) In support of its claim, CSX submits its calculation of prejudgment interest on all invoices due and owing as of the date of Judgment, June 3, 2014. (Doc. No. 43-2)

State law governs the award of prejudgment interest. Bunzl Distribution USA, Inc. v. Dewberry, 2000 WL 288394, at *2 (E.D.Mo. Mar. 13, 2000) (citing Weitz Company, Inc. v. Mo–Kan Carpet, Inc., 723 F.2d 1382, 1385 (8th Cir.1983)). Under Florida law, the general rule

---

[1] Pursuant to § 55.03(1), Fla. Stat. (2012), the applicable rate of interest payable on judgments and decrees is set each year by the Chief Financial Officer, unless altered by contract. § 687.01, Fla. Stat. (2012). The current rate is 4.75%. www.myfloridacfo.com/division/AA/Vendors (last visited July 3, 2014).

in contract cases is that prejudgment interest is allowed from the date the debt is due. See Lumbermens Mut. Cas. Co. v. Percefull, 653 So. 2d 389, 390 (Fla. 1995); Parker v. Brinson Construction Co., 78 So.2d 873, 874 (Fla.1955). Because the Court has determined that Defendants are indebted to CSX in the principal amount of $820,423.64, under the rule set forth in Brinson and the Agreement's payment and collection terms, CSX is entitled not only to the payment of the principal of the debt, but also to interest on the principal of the debt owed at the applicable rate from the due date thereof.

Accordingly,

**IT IS HEREBY ORDERED** that the Judgment entered in this action on June 3, 2014, is amended to award Plaintiff CSX Transportation, Inc. attorney's fees in the amount of $79,096.00, costs in the amount of $3,935.97, and prejudgment interest in the amount of $73,534.94.

A separate amended judgment will accompany this Memorandum and Order.

Dated this 8th day of July, 2014.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE